**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DENNIS BANNON, | : |
| Plaintiff, | : CIVIL ACTION NO. 08-5998 (MLC) |
| v. | : **O P I N I O N** |
| CHARLES ELLIS, et al., | : |
| Defendants. | : |

**APPEARANCES:**

Dennis Bannon, Pro Se, #620431
Northern State Prison, 168 Frontage Road, Newark, NJ 07114

**COOPER, District Judge**

Plaintiff, Dennis Bannon, who is confined at the Northern State Prison, Newark, New Jersey, has moved to amend his complaint. (Dkt. entry no. 8.) The motion will be denied.

### BACKGROUND

On June 29, 2009, this Court filed an Order and Judgment, with an Opinion, dismissing Plaintiff's complaint. Plaintiff had alleged that on September 14, 2008, while housed at the Mercer County Correctional Institution ("MCCI"), he was assaulted by another inmate and sustained injuries, which were treated. He claimed that at MCCI he was housed in unfavorable accommodations with gang members in retaliation for quitting his kitchen job. He asserted that the conditions of his confinement were inadequate and violated his constitutional rights. (See dkt. entry no. 1, Compl.; dkt. entry no. 3, Opinion.)

This Court dismissed the complaint, finding that MCCI was not a proper defendant, and that Plaintiff had (1) not alleged facts indicating deliberate indifference to his medical needs after the assault, (2) failed to allege facts indicating that the decision to house him in the gang-dominated area violated his constitutional rights, (3) not stated facts alleging a retaliation claim, and (4) not stated facts indicating that there was a risk of harm to his health or safety due to the conditions of confinement described.  (See Opinion.)  But this Court granted Plaintiff leave to move to reopen if he could correct the deficiencies.  (See dkt. entry no. 4, Order & J.)

## DISCUSSION

Plaintiff moves to amend the complaint.  He specifically names a number of John Doe/Jane Roe defendants.  (Dkt. entry no. 8, Motion, ¶¶ 1-18.)  He does not pursue his medical care and conditions of confinement claims, but seeks to assert facts indicating that he was retaliated against for quitting his kitchen job, and that there was a failure to protect by the officers involved, leading to his assault by another inmate.

As to retaliation, Plaintiff states that he was moved from "C" pod to "D" pod as punishment for quitting the kitchen position.  At the "D" pod, Plaintiff states that he received threats because he was not affiliated with a gang.  When Plaintiff asked the Warden about why he was moved to the gang

pod, the classification officer, defendant Fananish, said it was because he quit his kitchen job. (Motion, ¶¶ 19-28.)

As stated in this Court's June 29, 2009 Opinion, Plaintiff alleges that he quit his kitchen job and was given an unfavorable housing assignment. However, Plaintiff has not alleged facts indicating a retaliation claim, because quitting his kitchen job was not constitutionally protected conduct. Therefore, as stated in more detail in this Court's June 29, 2009 Opinion (see Opinion at 12), Plaintiff's motion to amend his complaint and cure the deficiency must be denied as to this claim.

As to failure to protect, Plaintiff states that he spoke to defendant officers about "threats and problems;" that he wrote to the warden concerning "the situation of this area for white inmates and non-gang members;" that he told the second shift defendant officers "of the increasing dangers to him and the potential harm," and that "the white inmates were being extorted, robbed, and being attacked." He also wrote remedies that were not answered. (Motion, ¶¶ 29-35.)

As discussed in the Court's June 29, 2009 Opinion, Plaintiff has not established a Fourteenth Amendment violation for failure to protect. He has not alleged facts indicating that the housing decision to move him to "D" pod "shocked the conscience," or that the warden used his authority to create danger. Plaintiff also has not alleged facts showing that the assault was foreseeable;

rather, he complained that <u>all</u> white and non-gang members faced potential harm.  (<u>See</u> Opinion at 8-11.)  Plaintiff's motion to amend his complaint and cure the deficiency must be denied as to this claim as well.

## CONCLUSION

Plaintiff's motion to amend will be denied.  The Court will issue an appropriate order.

  s/Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated:  February 22, 2010